IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CAPITAL ONE SERVICES, LLC and CAPITAL ONE, N.A., <br><br> Plaintiffs, <br><br> v. <br><br> NANCY FOSTER, <br><br> Defendant. | Action No. 3:09–CV–569 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 17). For the reasons stated below, the Court GRANTS the Motion.

**I. BACKGROUND**

This diversity suit concerns a former employment relationship between Plaintiffs Capital One Services, LLC and Capital One, N.A. (collectively "Capital One.") and Defendant Nancy Foster. From 2001 until 2009, Foster worked as a senior manager in Capital One's Small Business Banking division. In that position, Foster handled the processing, underwriting, and documentation of Small Business loan applications. In April 2003, Capital One terminated Foster's employment. In connection with Foster's termination, Foster and Capital One entered into a Letter of Agreement, in which Foster promised, among other things, not to use or disclose Capital One's confidential information or materials.

On September 11, 2009, Capital One filed a complaint against Foster in this Court, alleging that Foster (1) has breached the Agreement by using Capital One confidential

1

information without permission, (2) has aided and abetted current Capital One employees to violate their fiduciary duties to Capital One, and (3) has misappropriated Capital One's trade secrets. Beginning in October and continuing until the present, the parties have engaged in discovery related to their dispute. On November 10, 2009, this Court entered a Pretrial Order, which established a January 29, 2010 discovery cut-off and a trial date of March 10 and 11, 2010.

Based on information that came to Capital One's attention during discovery, it filed this Motion to Amend its Complaint on December 9, 2009. The Amended Complaint seeks to add claims for (1) breach of fiduciary duty, (2) fraud, and (3) violation of the Stored Communications Act, 18 U.S.C. § 2701. (Capital One Mem. in Supp. Mot. to Amend, Exh. A.)

## II. DISCUSSION

### A. Legal Standard

There are two Rules of Civil Procedure relevant to Capital One's Motion to Amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend, prior to trial, is "freely given." In this Circuit, such leave is denied "'only when the amendment would have been prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Orowheat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Thus, a court may deny a motion to amend where the motion has been unduly delayed for filing, and where allowing the amendment would unduly prejudice the non-moving party or parties. Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)). At the same time, however, delay

2

alone, unaccompanied by a demonstration of prejudice to the nonmovant, bad faith, or futility, does not justify a denial of relief.  Defender Indus., Inc. v. Northwestern Mutual Life Ins. Co., 938 F.2d 502, 508 (4th Cir. 1991) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986)).

Rule 16 of the Federal Rules of Civil Procedure is also relevant here.  This Rule provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16.  Once the scheduling order is set, it is the timelines within that document that control and the "good cause" standard of Rule 16 that governs any amendments to pleadings.  See Montgomery v. Anne Arundel County, 182 Fed. Appx. 156, 162 (4th Cir. 2006) (upholding a district court's refusal to grant an amendment after the scheduling order deadline on the basis of Rule 16(b)).  Under Rule 16, the "good cause" standard focuses on the diligence of the moving party.  Id. at 162.

**B.  Analysis**

In support of its Motion to Amend, Capital One asserts that it has been diligent, acted in good faith, and has not prejudiced Foster.  Capital One claims it had no reason to know of Foster's alleged additional unlawful actions until it reviewed thousands of documents that were collected from over thirty custodians in order to respond to Foster's document requests.  After reviewing those documents, Capital One says that it diligently filed its Motion to Amend.  Capital One points out that the discovery deadline has not passed and no depositions have been taken.

Foster asks the Court to deny Capital One's Motion, stating that there has been undue delay resulting in prejudice to Foster.  The undue delay, Foster alleges, stems from

the fact that all of the documents supporting the new claims in the Amended Complaint were within Capital One's possession. The Amended Complaint will result in prejudice, Foster says, because the "easily defensible set of factual allegations" laid out in the original Complaint will be "radically" changed by Capital One's new theories of liability. (Foster Mem. in Opp. 2.)

The Court finds that under the circumstances presented here, Capital One's Motion to Amend should be GRANTED. First, there is no indication that Capital One's omission from the original complaint of the new allegations it now seeks to pursue was in bad faith. Considering that this case involves alleged misappropriation of trade secrets, it is unsurprising that Capital One would file its action quickly, perhaps without exhaustively reviewing all the electronically stored information connected with Foster. Second, Foster's claim of prejudice are not supported by the facts. Lastly, the Court notes that when this Motion was filed the discovery deadline had not passed and no depositions had yet to occur, obviating the need to alter the scheduling order and comply with Federal Rule of Civil Procedure 16.

### III. CONCLUSION

Based on the above stated reasons, the Court GRANTS the Motion to Amend. An appropriate Order will issue. Let the Clerk send a copy of this Memorandum to all counsel of record.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 11th day of February 2010

4